**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TOMMY RAY BROWN, | No. 12-15861 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-00956-MCE-DAD |
| v. | |
| G. MARSHALL; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief Judge, Presiding

Submitted August 14, 2013[**]

Before:     SCHROEDER, GRABER, and PAEZ, Circuit Judges.

California state prisoner Tommy Ray Brown appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging due process

violations in connection with a prison disciplinary proceeding.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir. 2001). We affirm.

The district court properly granted summary judgment on Brown's claim alleging insufficient notice of the disciplinary charges because Brown failed to raise a genuine dispute of material fact as to whether the notice that he received was constitutionally inadequate. *See Wolff v. McDonnell*, 418 U.S. 539, 563-64 (1974) (an inmate accused of a disciplinary violation must receive "advance written notice of the claimed violation" to give him "a chance to marshal the facts in his defense and to clarify what the charges are").

The district court properly granted summary judgment on Brown's claim alleging that defendants inadequately investigated his witnesses because Brown failed to raise a genuine dispute of material fact as to whether he was constitutionally entitled to further investigation or to staff assistance. *See id.* at 566, 570 (inmates in disciplinary proceedings have a limited right to call witnesses and present evidence; only if an inmate is illiterate or the issue is complex may staff assistance be warranted).

The district court properly granted summary judgment on Brown's claim alleging that defendants improperly relied on confidential informants because the record contains evidence of reliability and evidence that safety concerns prevented

disclosure of the informants' names. *See Zimmerlee v. Keeney*, 831 F.2d 183, 186-87 (9th Cir. 1987) (per curiam) (explaining how reliance on unidentified inmate informants may satisfy due process).

The district court properly granted summary judgment on Brown's claim alleging that defendants falsified his disciplinary report because Brown failed to provide any evidence supporting that claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) (a party may prevail at summary judgment by showing that there is an absence of evidence supporting the nonmoving party's case).

Defendants' request for judicial notice, filed on September 18, 2012, is denied as unnecessary.

**AFFIRMED.**